UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARK MOORE and BRENDA MOORE,

                        Plaintiffs,

    -against-                                  **ORDER**
                                                  23-CV-7334-SJB

JOANNE B. MOORE,

                        Defendant.
----------------------------------------------------------------x
**BULSARA, United States Magistrate Judge:**

        On October 17, 2023, Defendant Joanne B. Moore removed this state court case, originally filed in Virginia state court, to the Eastern District of New York. (Notice of Removal, Dkt. 4).[1] The removal was improper. Section 1441(a) of the Judicial Code provides that a "civil action brought in a State court . . . may be removed by the defendant . . . to the district court of the United States for the district and division *embracing the place where such action is pending*." (emphasis added); *see also PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998). The federal district court embracing a Virginia state court proceeding is in Virginia, not in New York. *E.g.*, *Cardona v. Mohabir*, No. 14-CV-1596, 2014 WL 1804793, at *1 (S.D.N.Y. May 6, 2014) (finding removal of a Connecticut state court action to the Southern District of New York improper and imposing sanctions).

        In light of the patent impropriety of removing a Virginia state court case to a New York federal court, the Court issued an order to show cause to explain why the case

---

[1] Defendant first filed a notice of removal on October 3, 2023. (Notice of Removal, Dkt. 1). However, the notice was incomplete. The Court deems the case removed on October 17, 2023, when a complete notice of removal was filed on CM/ECF. (Notice of Removal, Dkt. 4).

should not be remanded.  (Order to Show Cause dated Oct. 16, 2023).  Defendant's response has no merit.  (Def.'s Resp. to Order to Show Cause, Dkt. 6).

Defendant first cites to 28 U.S.C. § 1441(f) to justify removal to this District.  But that provision provides only that a federal court is not deprived of removal jurisdiction when the underlying state court "did not have jurisdiction over that claim."  *Id*.  In other words, a federal court is not deprived of jurisdiction over the removed case even if a state court lacked jurisdiction in the first instance.  But that is not the situation here.  The question here is not whether Virginia had jurisdiction to hear this lawsuit in the first instance, whether venue there was proper, or even whether federal removal jurisdiction exits.  14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3732 (Rev. 4th ed. 2023) ("Once removed, the propriety of the venue is governed by Section 1441(a), and it simply is immaterial whether venue was proper in the state court in which the action was filed; the state venue statutes no longer apply.").  Instead, the issue is whether Defendant removed the case to the appropriate federal court.  Section 1441(a) makes plain that she did not.[2]

---

[2] Moore's removal exacts procedural violence to another aspect of the removal statute.  *See also Rivas v. Bowling Green Assocs., L.P.*, No. 13-CV-7812, 2014 WL 3694983, at *1 (S.D.N.Y. July 24, 2014) ("It has long been a feature of federal removal practice that the removing party may not be a citizen of the state where the district court sits.").  Defendant—a resident of New York—would not be permitted to remove a case filed in New York State Court to New York federal court, by force of Section 1441(b)(2). ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  But does the home-state removal bar apply when a defendant removes a case from a different state to a federal court in the state where she is resident?  The removal statute provides no answer to this situation.  But it should not be expected to: removal to a federal court in another state is not contemplated by the removal scheme.  *See generally Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of

Defendant also asserts that the forum selection clause in the underlying promissory note (setting Virginia as the forum) in this loan dispute is unenforceable, and New York is more convenient to Defendant, who does not reside in Virginia. These arguments may have some, or no, validity. But they must be raised in the first instance in the appropriate federal forum, which is not this Court. *E.g.*, *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 442 (E.D. Pa. 1999) ("Safeco's removal of the case to this court did not waive its right subsequently to object to this court's venue; rather, this court after removal takes up the case where the state court procedurally left off and can address procedural issues such as venue."); *Cardona*, 2014 WL 1804793, at *5 ("[T]o state the obvious, neither section 1441(a) nor any other statute permits the removal of the action to the district court of some district other than the one embracing where the state court action is pending, such as the district closest to the lawyer's office.").

The remedy for an inappropriate removal under Section 1441(a) is transfer to the correct federal court. *See* 28 U.S.C. § 1406(a); *see also Mortensen v. Wheel Horse Prod., Inc.*, 772 F. Supp. 85, 90–91 (N.D.N.Y. 1991); 14C Wright & Miller, *supra*, § 3732 ("[Section 1406(a) of the Judicial Code] applies only in actions in which the venue is improper in the transferor court (by virtue of its being either the wrong district or the wrong division).").

The Clerk of Court is directed to transfer this case to the Eastern District of Virginia. And because transfer is a non-dispositive action properly taken by a Magistrate Judge, no District Court assignment is necessary. *Alexander v. Comm'r of*

---

Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation.").

*Soc. Sec.*, No. 23-CV-6964, 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023) (collecting cases).

SO ORDERED.

/s/*Sanket J. Bulsara*   11/1/2023

SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York