UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARK MOORE, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>JOANNE B. MOORE,<br><br>        Defendant, | Case No. 1:23-cv-1545 (RDA/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendant Joanne B. Moore ("Defendant"). Dkt. No. 12. After Defendant failed to file an answer, comply with court orders, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, the supporting memorandum, and relevant portions of the underlying record, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED.**

**I. INTRODUCTION**

Plaintiffs Mark and Brenda Moore ("Plaintiffs") filed their Complaint against Defendant Joanne Moore, on or about May 11, 2023, in the Commonwealth of Virginia Circuit Court of Fairfax County. Dkt. Nos. 1, 4. On August 25, 2023, Plaintiffs filed their Amended Complaint, which was served upon Defendant on September 5, 2023. Dkt. No. 4-1, Ex. B (hereinafter, "Amended Complaint"); Mem. in Supp. of Pls.'s Mot. for Default J. at 2 (hereinafter, "Plaintiffs'

Brief"). Plaintiffs bring one count of Breach of Contract against Defendant, alleging that Plaintiffs loaned Defendant $254,585.45 on February 28, 2011, and that the parties entered into a Promissory Note for this amount in November of 2017 (the "Note"). Am. Compl. ¶¶ 7-9. Plaintiffs allege that Defendant breached the Note by defaulting on the Note and failing to pay Plaintiffs the principal, interest, and late charges due under the note. *Id.* ¶¶ 17-20. When Plaintiffs filed the instant Motion, Plaintiffs sought $395,891.00, comprising the principal amount of the loan, interest, a late payment charge, and $17,826.00 in attorneys' fees and costs. Pls' Br. at 4. Plaintiffs have since filed two supplements to their Motion to notify the Court of the updated calculation of interest accrued and attorneys' fees incurred. Dkt. Nos. 24, 31. Plaintiffs presently seek $429,546.84.

Defendant removed the case to the United States District Court for the Eastern District of New York, initially on October 3, 2023, and attaching the appropriate state court records on October 17, 2023. Dkt. Nos. 1, 4. At the time of the removal to the Eastern District of New York, Defendant was represented by attorney Lowell Davis. *See* Dkt. Nos. 1, 5, 6. Because it was improper to have removed the Virginia state court case to federal court in New York, the United States District Court for the Eastern District of New York transferred the case to this Court on November 15, 2023. Dkt. Nos. 7-8.

Following the Removal to this Court, Defendant had not filed any response to the Complaint, and Plaintiffs filed a Request for Entry of Default as to Defendant on February 7, 2024. Dkt. No. 9. On February 9, 2024, the Clerk of Court entered default as to Defendant. Dkt. No. 11. On March 1, 2024, Plaintiffs filed the instant Motion for Default Judgment and noticed it for a hearing on March 15, 2024. Dkt. Nos. 12-14. Defendant's New York attorney, Mr. Davis, is not licensed to practice in Virginia, so he was no longer able to continue representing Defendant, once the case had been transferred to this Court. *See* Dkt. No. 15. Nevertheless, Mr. Davis filed a letter

with this Court, which the Court received on March 13, 2024 ("March 13 Letter"). *Id.* In the March 13 Letter, Mr. Davis notified the Court of his inability to continue representing Defendant and indicated that local counsel would be beyond Defendant's ability to pay. *Id.* Mr. Davis further notified the Court that Defendant suffers from a medical condition that requires a doctor's care and that she is unable to travel to the courthouse. *Id.* Accordingly, Mr. Davis requested a two-week continuance of the hearing on Plaintiffs' Motion to allow Defendant additional time to oppose the Motion *pro se*. *Id.* Mr. Davis also stated in the letter that Defendant "was never served personally in the State of New York or elsewhere" and that the only connection Defendant has with the Commonwealth of Virginia "is the forum selection clause contained in the promissory note." *Id.*

Upon receipt of the March 13 Letter, the undersigned issued an Order that the hearing on Plaintiffs' Motion would be continued to March 29, 2024, due to Mr. Davis' representations about Defendant's medical condition. Dkt. No. 16. The undersigned further ordered Defendant to file a response to Plaintiff's Motion and to file a notice indicating whether she intends to proceed *pro se*, no later than March 22, 2024. *Id.* Defendant never filed any such notice. Finally, the undersigned suggested Defendant register for Pro Se E-Noticing, which she also never did. *Id.*

The Court also repeatedly attempted to obtain Defendant's current contact information and address from Mr. Davis to no avail. Mr. Davis indicated that Defendant's son, Bryan L. Holmes, would be the best point of contact, but he also did not provide Mr. Holmes' contact information.[1] Mr. Davis notified the Court that Defendant would not be able to file her opposition to the Motion before the March 29, 2024 hearing date, so the undersigned issued an Order on March 28, 2024, that the hearing be continued to April 5, 2024, and that Plaintiff's opposition to the Motion would

---

[1] The Court eventually received the contact information when Mr. Holmes filed his Power of Attorney for Defendant on May 3, 2024.

be due on April 1, 2024. Dkt. No. 17. The undersigned again recommended that Defendant register for Pro Se E-Noticing. *Id.*

On April 1, 2024, Defendant filed her Memorandum in Opposition to Plaintiffs' Motion for Entry of Default by the Clerk Against Defendant Joanne B. Moore and for an Order Dismissing the Action for Lack of Personal Jurisdiction or Transferring the Action to the United States District Court for the Eastern District of New York Pursuant to U.S. Code § 1404 – Change of venue; or Dismissing the Action Pursuant to Forum Non Conveniens ("Defendant's Opposition). Dkt. Nos. 19-20. Because Defendant filed her Opposition *pro se*, however, she was required to include the ghostwriting certification, pursuant to Local Civil Rule 83.1(N), and she did not do so. Dkt. Nos. 19-21. This was particularly a concern because Defendant's Opposition was not filed in-person or by mail, as is required of *pro se* parties in this Court, but rather, Defendant's former attorney, Mr. Davis, sent another letter to the Court (the "April 1 Letter"), to which Defendant's Opposition was attached. Dkt. Nos. 18-20. Accordingly, on April 3, 2024, the undersigned issued an Order that Defendant was required to submit her Local Rule 83.1 Certification for her April 1 Filings. Dkt. No. 21. Defendant never filed the required Local Rule 83.1 Certification to certify that the Opposition was not prepared by or with the aid of an attorney. The undersigned further ordered that Defendant file any future filings in-person or by mail and that Defendant's former attorney, Mr. Davis, is not allowed to file on her behalf. *Id.* The undersigned also ordered Defendant to provide her contact information to the Court and, again, recommended that Defendant register for Pro Se E-Noticing. *Id.*

The undersigned held a hearing on Plaintiffs' Motion on April 5, 2024, and Defendant did not appear, nor did anyone else on her behalf. Dkt. Nos. 22-23. The undersigned issued an Order that Defendant show cause why default judgment should not be entered against her for her failure

to appear at the April 5, 2024 hearing and for her failure to comply with the April 3, 2024 Order. Dkt. No. 23. The undersigned set a deadline of April 12, 2024, for Defendant to respond, and stated that if Defendant failed to respond to the Show Cause Order, the undersigned would take the Motion for Default Judgment under advisement and issue a report and recommendation to the District Judge. Defendant did not file a response to the April 5, 2024 Show Cause Order. On April 12, 2024, the Court received another letter from Mr. Davis ("April 12 Letter"). Dkt. No. 25. Mr. Davis sought a continuance of the deadline to respond to the Show Cause Order, on Defendant's behalf, notifying the Court that Defendant was at that time hospitalized due to a medical condition. *Id.* Mr. Davis also stated that Mr. Holmes holds power of attorney over Defendant and that Mr. Holmes would send his own letter to the Court. *Id.* After receiving the April 12 Letter, the undersigned again ordered Defendant to provide her contact information to the Court, no later then April 25, 2024. Dkt. No. 26. The undersigned again warned that if Defendant failed to comply with the Court's orders, including this one, that the undersigned would proceed with issuing a report and recommendation on the Motion for Default Judgment. *Id.* The undersigned also ordered that no further communications or filings from Mr. Davis be docketed in this matter on behalf of Defendant. *Id.*

On April 26, 2024, the Court received another letter (the "April 26 Letter"), which purported to be from Mr. Holmes, but the text of the letter was a direct copy of what Mr. Davis stated in his April 12 Letter. Dkt. No. 27; *see* Dkt. No. 25. The April 26 Letter, like the April 12 Letter, asked the Court for a two-week extension for Defendant to respond to the Show Cause Order. Dkt. Nos. 25, 27. The April 26 Letter still did not provide any contact information for Defendant or Mr. Holmes. Dkt. No. 27. The undersigned issued an Order on April 29, 2024, again ordering Mr. Holmes or Mr. Davis to provide Defendant's contact information. Dkt. No. 29. The

undersigned also ordered Mr. Holmes to submit a copy of his Power of Attorney agreement as to the Defendant. *Id.* Finally, the undersigned ordered Defendant to show cause as to why default judgment should not be entered against her and to do so no later than May 10, 2024. *Id.* On May 8, 2024, Mr. Holmes provided his and Defendant's current address and Mr. Holmes' email address and phone number. Dkt. No. 30. Mr. Holmes also provided a copy of his Power of Attorney for Defendant, which affirms that he does hold power of attorney for Defendant as it pertains to this matter. *Id.* However, to date, neither Defendant nor Mr. Holmes provided any response to this Court's order to show cause as to why default judgment should not be entered, nor has Defendant moved to set aside the entry of default. *See id.* Though Defendant purportedly did file an Opposition to the Motion for Default Judgment and a Motion to Dismiss, to date, she has not filed the ghostwriting certificate, pursuant to Local Civil Rule 83.1(N). Accordingly, the Court is unable to accept it as a valid response to the Complaint or a valid opposition to the present Motion because it is impossible for the Court to determine if the *pro se* Defendant filed it unaided by an attorney. Dkt. Nos. 19-20.

Because Defendant has failed to file a valid response to the Complaint and has failed to respond to this Court's Show Cause Orders, Dkt. Nos. 23, 26, 29, by the court ordered deadlines, or otherwise, the undersigned took this matter under advisement to issue this report and recommendation.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Plaintiffs are both residents of Virginia, and Defendant is a resident of New York. Am. Compl. ¶¶ 1-3. In their Complaint, Plaintiffs seek damages in the amount of

$395,749.62, therefore the amount in controversy requirement also is met. *Id.* ¶ 20

This Court also has personal jurisdiction over this action. For this Court to exercise personal jurisdiction, two requirements must be satisfied. First, Virginia's long-arm statute must authorize the exercise of jurisdiction. *CFA Inst. V. Inst. Of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Second, if that authorization exists, then the Due Process Clause of the Fourteenth Amendment requires that the defaulting defendant has sufficient minimum contacts with the forum state. *Christian Sci. Bd. Of Dirs. Of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 205 (4th Cir. 2001). Particularly, the Defendant's conduct must have such a connection with Virginia that it is fair for Defendant to be required to defend itself in a court in the Commonwealth. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d. 404 (1984). This claim arises out of the Note, which Defendant entered into with Plaintiffs, after receiving a loan from Plaintiffs, who are residents of Virginia. Am. Compl. ¶¶ 1-3, 7-8; Dkt. No. 4-1, Ex. A. As to choice of law and consent to jurisdiction, Paragraph 8 of the Note states that the "Note shall be governed, construed and enforced in accordance with the laws of the Commonwealth of Virginia. Borrower consents to the sole jurisdiction of the courts of the Circuit Court located in Fairfax County, Virginia." Dkt. No. 4-1, Ex. A ¶ 8. Even aside from the consent to jurisdiction provision, Defendant has established sufficient minimum contacts with the Commonwealth of Virginia in connection with the present dispute, such that it is fair to require her to defend herself in Virginia. Such contacts include receiving a loan from Virginia residents, entering into a Note with Virginia residents, and agreeing that the Note would be governed by the laws of Virginia. Compl. ¶¶ 1-3, 7-8; Dkt. No. 4-1, Ex. A. Accordingly, this Court's exercise of personal jurisdiction is proper.

Venue also is appropriate in this district under the forum selection clause and, pursuant to

28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims occurred in this judicial district. Am. Compl. ¶¶ 1-3, 7-8; Dkt. No. 4-1, Ex. A ¶ 8.

### B.  Service of Process

A summons was issued as to the Amended Complaint on August 29, 2023. Dkt. No. 4-1 at 2. Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be properly served with process by "following state law for serving a summons . . . in the state where the district court is located." Virginia Code § 8.01-296 provides that "if a party to be served is not found at his usual place of abode," and if service cannot be effected by delivering a copy of the summons and Complaint to any other person over the age of 16 at the party's usual place of abode, a person may be served "by posting a copy of such process at the front door . . . of such place of abode." On September 5, 2023, a process server served the Amended Complaint upon Plaintiff by posting a copy of the summons and Amended Complaint on the front door of Defendant's residence in South Ozone Park, New York. Dkt. No. 10-1. The process server attempted personal service before posting but was unsuccessful. *Id.* Additionally the communications with Defendant's former attorney in this Court and the Eastern District of New York, and the filing of the Power of Attorney by Defendant's son, demonstrate that Defendant has notice of the instant lawsuit. *See*, *e.g.*, Dkt. Nos. 4, 25, 30. Accordingly, the undersigned finds that Defendant was properly served.

### C.  Grounds for Default Judgment

Plaintiffs filed this action on May 11, 2023. Dkt. No. 4, 4-1. Defendant improperly removed the case to the U.S. District Court for the Eastern District of New York, and this matter was transferred into this Court on November 15, 2024. Dkt. No. 8.  Plaintiffs filed their Motion for default judgment on March 1, 2024. Dkt. No. 12. The Court held a hearing on the matter on April 5, 2024. Dkt. No. 22. After Defendant failed to appear at the April 5, 2024 hearing and failed

8

to respond to this Court's Show Cause Orders, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556

9

U.S. at 679).

### Count 1 – Breach of Contract

To establish a breach of contract claim under Virginia law,[2] the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc*. 850 F.3d 645, 655 (4th Cir. 2017) (citing to *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove damages with reasonable certainty. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009).

For the reasons that follow, the undersigned finds that Plaintiffs have met all of the elements to establish a breach of contract claim against Defendants.

As to the first element, Plaintiffs loaned Defendant $254,585.45 in February 2011, and, in November 2017, the parties entered into the Note for the principal amount of the $254,585.45 loan. Am. Compl. ¶¶ 7-8. Accordingly, there is a legally enforceable obligation between the parties.

The maturity date of the Note was the earlier of February 28, 2021 or within ten days after the sale of Defendant's residence, located in Jamaica, New York ("Jamaica Residence"). *Id*. ¶ 10. Defendant has not sold the Jamaica Residence, so the maturity date of the note was February 28, 2021. *Id*. ¶ 11. The Note had an interest rate equal to the applicable federal rate, established pursuant to the rules of Section 1274(d) of the Internal Revenue Code, as amended, and interest was to be compounded annually. *Id*. ¶ 12. In the event that Defendant made a payment more than ten days after its due date, the Note provided that Defendant would pay a late payment charge equal to 5% of the amount then due. *Id*. ¶ 13. Finally, the Note contained a provision that Defendant

---

[2] In evaluating Plaintiff's claim, this Court applies Virginia law since this Court has diversity jurisdiction and should apply the choice of law rules of the forum state.

"shall pay upon demand all costs and expenses, including without limitation, all reasonable attorney or collection fees or costs incurred by [Plaintiffs] in connection with the enforcement or collection of this Note." *Id.* ¶ 14. Defendant has failed to pay the principal amount, accrued interest, or any other amounts due under the Note, and therefore, she has defaulted on the Note. *Id.* ¶¶ 15-16. Accordingly, Defendant has breached the contractual obligation between the parties, and Plaintiffs have suffered damages because of Defendant's failure to pay. Plaintiffs have filed two supplements since the hearing on this Motion which provide updated calculations of the interest owed from Defendant to Plaintiffs. Dkt. Nos. 24, 31. Pursuant to the terms of the Note, the undersigned recommends finding that Plaintiff is entitled to the principal amount of $254,585.45, interest in the amount of $99,539.47, and a late payment charge in the amount of $30,176.76, for a total amount of $384,301.68, as well as post-judgment interest. Am. Compl. ¶¶ 8; Dkt. No. 13-1, Ex. B; Dkt. Nos. 24, 24-1, 31, 31-1.

### **Attorneys' Fees and Costs**

Finally, Plaintiffs seek a total of $45,245.16 in attorneys' fees and costs. Pl.'s Br. at 4; Dkt. No. 13-1, Ex. B; Dkt. Nos. 24, 24-2, 31, 31-2. Pursuant to the terms of the Note, Defendant "shall pay upon demand all costs and expenses, including without limitation, all reasonable attorney or collection fees or costs incurred by [Plaintiffs] in connection with the enforcement or collection of this Note." Am. Compl. ¶ 14.

Plaintiffs provided declarations from their attorney and a detailed billing statement in support of their request for attorneys' fees and costs. Dkt. Nos. 24-2, 31-2. In those documents, Plaintiffs claim a total of $45,245.16 in attorney's fees and costs. Dkt. Nos. 13-1, 24-2, 31-2. Time spent by counsel includes preparing the Complaint, communicating with Plaintiffs, filing the Request for Entry of Default, and drafting the Motion for Default Judgment and the Supplements

to that Motion. Dkt. Nos. 24-2, 31-2. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiff's request for attorneys' fees and costs to be reasonable and recommends an award of $45,245.16.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment [Dkt. No. 12] be **GRANTED** as to Count I of the Complaint. Accordingly, the undesigned Magistrate Judge recommends finding that Plaintiffs are entitled to damages in the amount of $384,301.68 and attorney's fees and costs in the amount of $45,244.50, for a total amount of $429,546.84, and post-judgment interest.

## IV.  NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the physical address and email address provided in Dkt. No. 30 for Defendant and Defendant's son, Bryan L. Holmes.

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

August 23, 2024
Alexandria, Virginia